UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DARRYL GREENFIELD,

                        Plaintiff,                      **ORDER**
                                                 **ADOPTING REPORT AND**
              - against -                    **RECOMMENDATION**

DAVID TOMAINE, *et al.*,                            No. 09-CV-8102 (CS)(PED)

                        Defendants.
------------------------------------------------------------------x

Appearances:

Darryl Greenfield
Rome, New York
*Pro Se Plaintiff*

David Lewis Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendants*



Seibel, J.

      Before the Court is the May 10, 2011 Report and Recommendation of Magistrate Judge Paul E. Davison (the "R&R"), (Doc. 28), recommending that summary judgment be granted as to all Defendants to the extent Plaintiff seeks to recover in connection with Defendant David Tomaine's first application of the taser on Plaintiff, and denied as to all Defendants to the extent Plaintiff seeks to recover in connection with Tomaine's second application of the taser on Plaintiff.[1]  Defendants have not submitted objections to the R&R, and Plaintiff has submitted

---

[1] Defendants filed a motion to dismiss, (Doc. 20), but because they answered the Complaint prior to filing their motion, Judge Davison construed the motion as one for summary

objections (the "Objections") in the form of a newspaper article. (Doc. 30.) Familiarity with the procedural and factual background of the case is presumed.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[2] *accord Evans v. Ericole*, No. 06-3684, 2008 WL 4861783, at *1–2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the

---

judgment under Federal Rule of Civil Procedure 56. (R&R at 1 n.1 (citing Fed. R. Civ. P. 12(b)).)

[2] Plaintiff will be provided with copies of all unpublished opinions cited in this Order. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). The Court will also review for clear error those portions of the report and recommendation to which no objections have been made. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

The objections of *pro se* plaintiffs are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Howell v. Port Chester Police Station*, No. 09-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Plaintiff's Objections do not address any particular findings in the R&R; indeed, the R&R is not even mentioned, and the newspaper article, although discussing taser use by police officers, discusses an entirely different incident involving entirely different individuals than those involved in the incident at issue here. Accordingly, I may review for clear error. I find none.

The R&R is adopted as the decision of the Court, and summary judgment is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 20.) There will be a pre-trial conference before this Court on Friday, August 5, 2011, at ~~11:15 a.m.~~ 11:00 A.m.

**SO ORDERED.**

Dated: July 6, 2011
       White Plains, New York

                                         *Cathy Seibel*
                                      CATHY SEIBEL, U.S.D.J.